SUGG, Justice:
This is an appeal from the decree of the Chancery Court of Rankin County, Mississippi, enjoining appellants from connecting with a road constructed by appellees.
Appellees owned a tract of land containing 147 acres in Rankin County, Mississippi, located approximately seven miles northeast of the City of Brandon and twelve miles east of the City of Jackson. The tract is bounded on the west by a public road known as the Luckney Public Road, and on a portion of the south side by land of the appellants consisting of approximately 92 acres.
Appellees constructed a road into their land running east from the Luckney Public Road for a distance of more than one-half mile and subdivided the 147 acre tract into lots containing a minimum of 3 acres.
Appellees sold 13 parcels of land, varying in size from 3 acres to 10.15 acres, from *646 the original 147 acre tract and retained one lot on the west side of the tract abutting Luckney Public Road. All the property was described by metes and bounds making no mention of the public road, but each prospective purchaser was shown a map of the entire 147 acre tract which delineated the SO foot road and the lots as subdivided by the appellees.
Before the road was constructed appel-lees approached the appellants in an effort to get the appellants to share in the expense of the construction of the road, but the appellants declined to do so stating that they had access to the Luckney Public Road from the southwest corner of their property. Appellees constructed the road at a total cost of approximately $6600; thereafter, appellants arranged for a third party to purchase from appellees one 3 acre tract for $3,000 which abutted the road shown on the plat, such 3 acre tract adjoining their 92 acres on the north side. Appellants obtained title from the third party and planned to construct a road through the 3 acre parcel of land purchased from the appellees and subdivide their 92 acres so that the owners of any lots purchased from appellants would have access to the road constructed by the appellees.
Appellees planned to acquire 160 acres immediately east of the 147 acre tract from International Paper Company, subdivide the 160 acres, and utilize the road constructed by them as access from the 160 acres to the Luckney Public Road. In 1970 appel-lees sold one Billingsly 68 acres lying southeast of the 147 acre tract and granted Billingsly a right-of-way giving him access to the road in question from the 68 acre tract purchased from the appellees. If and when these two tracts are subdivided, lot owners from the additional 228 acres will have the use of the road in question.
Before the 147 acres were subdivided by appellees and the road constructed, the value of the land was between $200 and $250 per acre; after subdivision and construction of the road, appellees sold land along the road at the rate of $1,000 per acre. Appellants paid $3,000 for the three acres purchased by them and thus indirectly contributed to the cost of construction of the road.
When appellees sold parcels of lands to various purchasers, no prohibition was contained in the deeds prohibiting further subdivision of the parcels of land sold by appellees, and the only access to the Luck-ney Public Road from such lots was by way of the 50 foot road in question. Such lot owners were to. have unrestricted use of the roadway and utilities adjacent thereto.
The trial court held that the road constructed by appellees was a private road because it had not been laid out by the public authorities as provided by Sections 8314 et seq., Mississippi Code 1942 Annotated (1956); that the road had been in use for less than 10 years and appellants simply wanted to convert the road constructed by appellees for their personal use and gain as an aid in developing their land lying south of the property of ap-pellees without contributing to the cost of construction of the road.
In Kinnare v. Gregory, 55 Miss. 612 (1878), the Court had for consideration the question of whether or not a road was a public or private highway. The Court stated:
The defense rested, in the main, on the proposition that this road No. 8 was not a public highway, and that thereby the plaintiffs had no right of action. It was not a public highway, because, as argued by counsel, it was not established by public authority in the manner prescribed by the Code, sections 2334, 2335, 2336. The statute declares that no person shall change, turn, or alter a public road, unless by order of the Board of Supervisors. But such change may be made, or a public road may be laid out, on petition to the Board of Supervisors by ten or more freeholders, in the mode prescribed in section 2336.
*647 There were public highways at the date of the revision; these were recognized, and a method is laid down by which existing roads may be changed and new ones opened.

Blit it is a grave mistake to suppose that a highway may not be established by the owner or owners of the freehold, which, when accepted by the public, is as complete as if the method appointed in the staUite were pursued.

The proprietor of the fee may make such disposition of the land, either by the assignment of the entire estate, or by creating a less estate, or by subjecting it to such servitude or easement, for the benefit of one or more individuals or the general public, as he pleases. There is not limitation or restriction on this absolute dominion, except that he must not do that prohibited by law.

He may grant to certain persons or to the public the easement .of a highway over his land; not that the grant is technically by deed, but he may do those acts which unequivocally manifest an intention that the community shall have and enjoy a highway on his private property. When the public accepts his offer there has been consummated that which is of equal import with a contract or grant, and there has been accomplished what is expressed by the term "dedication.”

The acceptance may be shown in two ways: first, by the formal act of the proper authority competent to speak and act for the public, or it may be implied from circumstances, such as user, etc. The People v. Jones, 6 Mich. 176; Fulton v. Mehrenfeld, 8 Ohio St. 440; Briel et al. v. City of Natchez, 48 Miss. 436. (55 Miss. at 620.) (Emphasis supplied.)
Appellees sold all of the lots by ref7 erence to an unrecorded plat; the roadway has been used by school buses and the lot owners; the road has been maintained by Rankin County by the installation of 13 culverts on the road; north of the roadway water and electric lines have been installed and south of the roadway a telephone line has been installed for the use of the property owners, all of the utility lines being within the 50 foot right-of-way designated by the plat; at the time of the trial two homes and five trailers were located on lots sold by the appellees; the lot owners, other than appellants, were using the road with no restrictions; an additional 228 acres was to be developed utilizing such road and from a totality of the circumstances shown by the proof in this case appellees manifested an intention for the public to have and enjoy a highway on their property.
As stated in Kinnare, supra, the acceptance may be shown by the formal act of the proper authority, in this case, the Board of Supervisors of Rankin County, Mississippi, or it may be implied from circumstances. We hold that a public road was established by implication from the circumstances shown by the evidence in this cause, and as stated in Kinnare, “there has been accomplished what is expressed by the term ‘dedication.’ ”
This opinion is not authority to prohibit the owner of land from subjecting it to such servitude or easement for the benefit of one or more individuals as he pleases, but such intent must be clearly shown.
For the reasons stated, this case is reversed, the injunction dissolved and bill of complaint dismissed.
Reversed and rendered.
GILLESPIE, C. J„ and PATTERSON, SMITH and ROBERTSON, JJ, concur.